1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

MERCEDES MARKER,                          Case No. C-09-05956-RMW

        Plaintiff,                        **DRAFT JURY INSTRUCTIONS**

v.

CITY OF SAN JOSE AND SON VU,

        Defendants.

**United States District Court**
For the Northern District of California

# **TABLE OF CONTENTS**

DUTY OF JURY ...................................................................................................3
OVERVIEW OF CLAIMS AND DEFENSES ..............................................................4
WHAT IS EVIDENCE .............................................................................................5
WHAT IS NOT EVIDENCE ....................................................................................6
DIRECT AND CIRCUMSTANTIAL EVIDENCE ........................................................7
RULING ON OBJECTIONS ....................................................................................8
CREDIBILITY OF WITNESSES ..............................................................................9
EXPERT OPINION ..............................................................................................10
CONDUCT OF THE JURY ....................................................................................11
NO TRANSCRIPT AVAILABLE TO THE JURY ......................................................12
TAKING NOTES .................................................................................................13
BENCH CONFERENCES AND RECESSES .............................................................14
OUTLINE OF TRIAL ...........................................................................................15
FEDERAL CIVIL RIGHTS CLAIMS—INTRODUCTION ...........................................16
CAUSATION ......................................................................................................17
FEDERAL CIVIL RIGHTS CLAIM UNDER FIRST AMENDMENT—ELEMENTS ..........18
FEDERAL CIVIL RIGHTS CLAIM UNDER FOURTH AMENDMENT—ELEMENTS .......19
CIVIL RIGHTS CLAIM UNDER STATE LAW—ELEMENTS ......................................20
STATE LAW—FALSE IMPRISONMENT ................................................................21
STATE LAW—BATTERY CLAIM ..........................................................................22
UNREASONABLE USE OF FORCE ........................................................................23
PERFORMANCE OF LAWFUL DUTIES .................................................................24
LIABILITY FOR ACTS OF AGENT .......................................................................25
DAMAGES—PROOF ...........................................................................................26
NOMINAL DAMAGES .........................................................................................27
DUTY TO DELIBERATE ......................................................................................28
COMMUNICATION WITH COURT .......................................................................29
RETURN OF VERDICT ........................................................................................30

**INSTRUCTION NO. 1**

**DUTY OF JURY**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**INSTRUCTION NO. 2**

**OVERVIEW OF CLAIMS AND DEFENSES**

This is a civil case in which Mercedes Marker seeks monetary compensation from San Jose Police Officer Son Vu and the City of San Jose for injuries she claims she suffered as the result of an incident involving Officer Vu. Ms. Marker claims that during the evening of November 13, 2008 in downtown San Jose she was video recording an interaction between her friend, William Hampsmire, a "street preacher," and San Jose Police Officer Jose Hisquierdo when Officer Vu grabbed and twisted her hand, which was holding the camera, and pushed her on the sidewalk. Officer Hisquierdo was in the process of arresting Mr. Hampsmire when Officer Vu allegedly grabbed Ms. Marker. Ms. Marker alleges that she suffered injury to her hand and wrist as a result of Officer Vu's actions.

Ms. Marker brings claims under both federal and state law. She asserts under federal law that Officer Vu deprived her of her right of freedom of speech and expression under the First Amendment of the United States Constitution and her right to be free from the unreasonable use of force protected by the Fourth Amendment. She claims under California state law that Officer Vu and the City of San Jose are responsible for violating her civil rights protected by California state law by coercively interfering with the exercise of her First and Fourth Amendment rights. She also claims under California law that Officer Vu falsely imprisoned her and committed a battery upon her.

Officer Vu and the City of San Jose deny that Ms. Marker's rights under federal or state law were violated. They contend that any force used was only that force needed to maintain order at the scene and protect the safety of the officers and bystanders gathered at the scene. They also dispute the nature and extent of any damages Ms. Marker claims to have suffered or claims that she will suffer in the future.

**INSTRUCTION NO. 3**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.   The sworn testimony of any witness;

2.   The exhibits which were received into evidence; and

3.   Any facts to which the lawyers have agreed.

# JURY INSTRUCTION NO. 4
## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4. Anything you may see or hear when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

2

**INSTRUCTION NO. 5**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3

4

5

6

7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

**INSTRUCTION NO. 6**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**INSTRUCTION NO. 7**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.   The opportunity and ability of the witness to see or hear or know the things testified to;

2.   The witness's memory;

3.   The witness's manner while testifying;

4.   The witness's interest in the outcome of the case and any bias or prejudice;

5.   Whether other evidence contradicted the witness's testimony;

6.   The reasonableness of the witness's testimony in light of all the evidence; and

7.   Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

The testimony of a law enforcement officer should be considered by you just as any other evidence in this case, and in evaluating his credibility you should use the same standards that you apply to the testimony of any witness. You should not give either greater or lesser credence to the testimony of a witness merely because he is a law enforcement officer.

**INSTRUCTION NO. 8**

**EXPERT OPINION**

Some witnesses, because of education, training or experience, were permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education, training and experience, the reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NO. 9**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. You should also report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case or the parties on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

**INSTRUCTION NO. 10**

**NO TRANSCRIPT AVAILABLE TO THE JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

1

**INSTRUCTION NO. 11**

2

**TAKING NOTES**

3     If you wish, you may take notes to help you remember the evidence. If you do take notes,

4   please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.

5   Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No

6   one will read your notes. They will be destroyed at the conclusion of the case.

7     Whether or not you take notes, you should rely on your own memory of the evidence. Notes

8   are only to assist your memory. You should not be overly influenced by your notes or those of your

9   fellow jurors.

10

11

**United States District Court**
For the Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 12**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**INSTRUCTION NO. 13**

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**INSTRUCTION NO. 14**

**FEDERAL CIVIL RIGHTS CLAIMS—INTRODUCTION**

Ms. Marker brings her federal claims under a federal civil rights statute which provides that any person who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States is liable to the injured party. A person acts "under color of law" when the person acts, or purports to act, in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. It is not disputed that Officer Vu acted under color of law.

1

**INSTRUCTION NO. 15**

2

**CAUSATION**

3        A substantial factor in causing harm is a factor that a reasonable person would consider to

4  have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be

5  the only cause of the harm.

6        Conduct is not a substantial factor in causing harm if the same harm would have occurred

7  without that conduct.

8

9

10

**JURY INSTRUCTION NO. 16**

**FEDERAL CIVIL RIGHTS CLAIM UNDER FIRST AMENDMENT—ELEMENTS**

In order for Ms. Marker to recover on her federal claim against Officer Vu for the alleged violation of her First Amendment rights of free speech and expression, Ms. Marker must prove that each of the following is more likely true than not true:

1. Officer Vu acted under color of law (undisputed);

2. Ms. Marker engaged in speech and freedom of expression protected under the First Amendment in videotaping and the questioning that she directed to the officers;

3. Officer Vu took action against Ms. Marker; and

4. Ms. Marker's protected speech or conduct was a substantial or motivating factor for Officer Vu's action.

If Officer Vu proves that it is more likely true than not true that he would have taken the same action against Ms. Marker even if she had not engaged in activities protected under the First Amendment, then Ms. Marker cannot recover on this claim.

A substantial or motivating factor is a significant factor.

Filming or videotaping of police officers engaged in their duties in a public place or questioning a police officer's actions are activities protected by the First Amendment so long as the filming or questioning does not unreasonably interfere with the police officer's performance of his duties. However, a police officer has no obligation to engage in conversation with someone who is questioning his actions.

**JURY INSTRUCTION NO. 17**

**FEDERAL CIVIL RIGHTS CLAIM UNDER FOURTH AMENDMENT—ELEMENTS**

In order for Ms. Marker to recover on her claim against defendant Officer Vu for the alleged violation of her Fourth Amendment right to be free from the unreasonable use of force, Ms. Marker must prove that each of the following is more likely true than not true:

1. Officer Vu acted under color of law (undisputed); and

2. The acts of Officer Vu deprived Ms. Marker of her Fourth Amendment right under the United States Constitution to be free from the use of unreasonable force as explained later in these instructions.

Jury Instruction No. 21 explains the unreasonable use of force.

**JURY INSTRUCTION NO. 18**

**CIVIL RIGHTS CLAIM UNDER STATE LAW—ELEMENTS**

Ms. Marker brings a claim under California state law against Officer Vu and the City of San Jose for interfering with, or attempting to interfere with, her civil rights by threats, intimidation, or coercion. To establish this claim against Officer Vu, Ms. Marker must prove that each of the following elements of her claim is more probably true than not true:

1.   Officer Vu intentionally threatened, intimidated, or coerced Ms. Marker to prevent her from exercising her First Amendment right to free speech and expression or to retaliate against her for having exercised that right or to prevent her from enjoying her Fourth Amendment right to be free from the use of excessive force;

2.   Ms. Marker was harmed; and

3.   Officer Vu's conduct was a substantial factor in causing Ms. Marker's harm.

**JURY INSTRUCTION NO. 19**

**STATE LAW—FALSE IMPRISONMENT**

Ms. Marker brings a claim under California state law against Officer Vu and the City of San Jose that she was wrongfully restrained by Officer Vu. To establish this claim, Ms. Marker must prove that each of the following is more probably true than not true:

1. Officer Vu intentionally deprived Ms. Marker of her freedom of movement by an unreasonable use of force; and

2. The restraint compelled Ms. Marker to stay or go somewhere for some appreciable time, however short;

3. Ms. Marker did not consent;

4. Ms. Marker was actually harmed; and

5. Officer Vu's conduct was a substantial factor in causing Ms. Marker's harm.

Police in the performance of their lawful duties may detain or control the movement of individuals at the scene of a lawful arrest, including using force to do so, if it would appear necessary to a reasonable officer to do so in order to protect the safety of the officers or bystanders.

**JURY INSTRUCTION NO. 20**

**STATE LAW—BATTERY CLAIM**

Ms. Marker brings a claim under California state law against Officer Vu and the City of San Jose that she was unlawfully physically contacted by Officer Vu. To establish this claim Ms. Marker must prove that each of the following elements of her claim is more likely true than not true:

1. That Officer Vu made physical contact with Ms. Marker;

2. That Officer Vu's physical contact with Ms. Marker was an unreasonable use of force against Ms. Marker;

3. That Ms. Marker did not consent to the use of that force;

With respect to element 2, if you find that Officer Vu was not acting in the performance of his lawful duties when he touched Ms. Marker, any harmful or offensive physical contact would be unreasonable.

Jury Instruction No. 21 explains the unreasonable use of force.

Jury Instruction No. 22 explains when an officer is in the performance of his lawful duties.

**JURY INSTRUCTION NO. 21**

**UNREASONABLE USE OF FORCE**

Under the Fourth Amendment of the United States Constitution and under the state law of the State of California, a person has the right to be free from the unreasonable use of force. The use of force is unreasonable if a law enforcement officer uses excessive force in the otherwise lawful performance of his duties. Not every push or shove violates the Fourth Amendment. Thus, in this case, in order to prove the excessive use of force under either the United States Constitution or California state law, Ms. Marker must prove that it is more likely than not that Officer Vu used excessive force against her when he made physical contact with her in the performance of his official duties.

A law enforcement officer may use such force as is "objectively reasonable" under all of the circumstances. Police in the performance of their duties may detain or control the movement of individuals at the scene of an arrest, including using force to do so, if it would appear necessary to a reasonable officer to do so in order to protect the safety of the officers or bystanders. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the benefit of hindsight.

In determining whether Officer Vu used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1. The severity of the crime or other circumstances to which the officer was responding;

2. Whether the plaintiff posed an immediate threat to the safety of the officer or to others;

3. The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

4. The type and amount of force used;

5. The availability of alternative methods for dealing with plaintiff; and

6. Whether the officer was acting in the performance of his lawful duties.

The question is whether any force that was used was reasonable viewing the facts from the perspective of a reasonable officer on the scene.

**JURY INSTRUCTION NO. 22**

**PERFORMANCE OF LAWFUL DUTIES**

A police officer may not arrest an individual without a warrant for a misdemeanor offense, such as breach of the peace, unless the officer has reasonable cause to believe that the individual has committed the misdemeanor offense in his presence. An officer is not considered to be acting in the lawful performance of his duties if he arrests someone for a misdemeanor offense that he does not have reasonable cause to believe was committed in his presence. However, the fact that one police officer at the scene may make an unlawful arrest does not mean that another officer who is not participating in the unlawful arrest is precluded from using reasonable force to control the movement or actions of others at the scene if necessary to maintain officer or bystander safety.

It is for you to decide whether Officer Vu was performing his lawful duties when he made physical contact with Ms. Marker. You should consider whether Officer Vu, when he physically contacted Ms. Marker, was acting in the furtherance of Officer Hisquierdo's arrest of Mr. Hampsmire or was taking reasonable action to ensure officer or bystander safety.

**JURY INSTRUCTION NO. 23**

**LIABILITY FOR ACTS OF AGENT**

Defendant Officer Vu and defendant City of San Jose are sued under state law as principal and agent. The defendant City of San Jose is the principal and defendant Officer Vu is the agent. If you find against Officer Vu, then you must also find against the City of San Jose. However, if you find in favor of Officer Vu, then you must also find in favor of the City of San Jose.

The City of San Jose is not a defendant under the federal civil rights law.

**JURY INSTRUCTION NO. 24**

**DAMAGES—PROOF**

It is the duty of the court to instruct you about the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for either plaintiff on any claim, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by facts that are more likely true than not true. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

1. The nature and extent of any injuries;

2. Any mental, physical, emotional pain and suffering experienced and any which with reasonable probability will be suffered in the future; and

3. The reasonable value of necessary medical care, treatment, and services incurred;

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**JURY INSTRUCTION NO. 25**

**NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages. If you find for plaintiff but you find that she has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

United States District Court
For the Northern District of California

# JURY INSTRUCTION NO. 26

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO. 27**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

1

**JURY INSTRUCTION NO. 28**

2

**RETURN OF VERDICT**

3

     A verdict form has been prepared for you. After you have reached unanimous agreement on

4

a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and

5

advise the court that you are ready to return to the courtroom.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28