UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MERCEDES MARKER,<br><br>            Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE and SON VU,<br><br>            Defendants. | Case No. C-09-05956-RMW<br><br>**ORDER ON ADDITIONAL MOTIONS *IN LIMINE***<br><br>[Re: Docket Nos. 100, 111] |

### I.  DEFENDANTS' *IN LIMINE* MOTION

<u>**Motion *in Limine* No. 4**</u>**: To preclude prior "bad acts" evidence relating to Office Vu.**

GRANTED. The evidence is not relevant. Fed. R. Evid. 401. Even if some inference that Vu's testimony is likely to be biased in favor of the City because he is being paid while on administrative leave (as opposed to being fired or suspended without pay) pending resolution of his involvement with marijuana could be drawn, the probative value of the evidence would be substantially outweighed by the danger of unfair prejudice and by the waste of time that would be involved in presenting the evidence. Fed. R. Evid. 403.

## II.   PLAINTIFF'S *IN LIMINE* MOTION

**Motion *In Limine* No. 6: To exclude evidence or argument that Hampsmire was arrested by a private citizen.**

GRANTED. The evidence does not support a citizen's arrest theory. Defendants throughout this litigation have asserted that Officer Hisquierdo arrested Hampsmire and Officer Vu acted as Officer Hisquierdo's "cover" during the arrest.

On February 3, 2014, at a pretrial conference, defendants first placed plaintiff on alert that they might raise a theory of citizen's arrest – i.e. that the officers made an arrest pursuant to a citizen's complaint and thus the Hampsmire arrest was not unlawful. Defendants then filed a proposed jury instruction related to citizen's arrest, Dkt. No. 99, and plaintiff filed the instant motion *in limine*, Dkt. No. 100.

Under California's citizen's arrest law, a private person may arrest another for a pubic offense committed in his presence. *See* Cal. Pen. Code § 837. Officers may arrest a suspect on behalf of a private person if the private person committing the citizen's arrest declares his intention to arrest the suspect and then delegates to the officers his right to take the suspect into physical custody. *People v. Johnson*, 123 Cal. App. 3d 495, 499 (1981) ("It is well established that a citizen in whose presence a misdemeanor has been attempted or committed may effect a citizen's arrest and in so doing may both summon the police to his aid and delegate to police the physical act of taking the offender into custody."). Typically this express delegation of arresting authority is memorialized through a signed citizen's arrest form or statement. *See e.g.*, *Johanson v. Dep't of Motor Vehicles*, 36 Cal. App. 4th 1209, 1213 (1995) ("[Citizen arrestor] signed a citizen's arrest form that indicated he was arresting [suspect] for malicious mischief and vandalism."); *Atkins v. County of Alemeda*, No. C-03-3566, 2006 WL 1600651 at *3 (N.D. Cal. June 7, 2006) ("[Citizen arrestors] both filled out and signed citizen arrest statements."); *Hampsmire v. City of Santa Cruz*, 899 F. Supp. 2d 922, 927-28 (N.D. Cal. 2012) ("Police dispatch . . . informed Officer Bayani that the reporting party wanted to sign a formal complaint. . . The reporting party signed a citation against plaintiff for a [municipal] violation. . . [Then] Officer Bayani returned to plaintiff's location to get his identifying information and issue the citation.").

In the absence of a citizen's arrest statement, a citizen's arrest may be reasonably inferred from the circumstances and evidence. *See People v. Harris*, 256 Cal. App. 2d 455, 459 (1967). "[T]he delegation of the physical act of arrest need not be express, but may be implied from the citizen's act of summoning an officer, reporting the offense, and pointing out the suspect." *Padilla v. Meese*, 184 Cal. App. 3d 1022, 1030 (1986) (citing *People v. Johnson*, 123 Cal. App. 3d 495, 499 (1981)).

Here, there is insufficient evidence that any citizen actually delegated the act of arrest to the officers or that the officers understood that they were effectuating a citizen's arrest. Officers Hisquierdo and Vu both stated that Officer Hisquierdo performed the arrest while Officer Vu acted as "cover." *See* Declaration of Jose Hisquierdo in Support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment, Dkt. No. 41, ¶ 5 ("Officer Vu was acting as my 'cover,' his role was to protect me from any actual or potential threats while I was conducting the arrest."); Declaration of Son Vu in Support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment, Dkt. No. 40, ¶ 6 ("My role was to act as 'cover,' to protect Officer Hisquierdo from any actual or potential threats while he was conducting the arrest."). Both Officer Vu's and the City of San Jose's interrogatory responses reiterate the arrest-and-cover story. *See* Dkt. No. 100-1 (Millen Decl. Ex. 1), Vu Interrogatory Response, at 3; Dkt. No. 100-1 (Millen Decl. Ex. 2), City of San Jose Interrogatory Response at 4. Finally, in the officers' official reports, references are made to victims, witnesses and witness statements, but no reference is made to a citizen arrestor. *See* Amended Declaration of Richard D. North in Support of Defendants' Opposition to Plaintiff's Motion in Limine #6, Dkt. No. 105, Ex. A ("North Ex. A").

The facts here are that a party reported a disturbance; police were dispatched to investigate; witness statements reporting the commission of a misdemeanor were taken; and then the officers on the scene arrested the suspect. Defendants cite in support their claim of a citizen's arrest two statements from witnesses saying "[Hampsmire] should be put in jail!" and, "[Hampsmire] should get a 'cot' and three square meals," presumably meaning be put in jail. North Ex. A. Finding an implied citizen's arrest from such statements would be a distortion of the law. The statements show no intention by the citizens to have the police arrest Hampsmire *under the citizen's authority*. At

most, the statements are suggestions about what the officers should do with Hampsmire under their own authority. Accordingly, the motion *in limine* to exclude testimony or argument that Officer Hisquierdo was making a citizen's arrest is GRANTED.

**IT IS SO ORDERED.**

Dated: August 13, 2014



RONALD M. WHYTE
United States District Judge