Michael Millen
Attorney at Law (#151731)
119 Calle Marguerita Ste. 100
Los Gatos, CA 95032
Telephone: (408) 871-0777
Fax: (408) 516-9861
mikemillen@aol.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE DIVISION)

| | |
|---|---|
| MERCEDES MARKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAN JOSE and SON VU,<br><br>　　　　Defendants. | NO.: CV 09-05956 RMW<br><br>**PLAINTIFF'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND REQUEST FOR A NEW TRIAL**<br><br>Judge: Whyte<br>Date: Oct. 10, 2014<br>Time: 9:00 a.m.<br>Dept: Courtroom #6 (4th Fl.) |

TO THE DEFENDANTS IN THIS ACTION:

Please take notice that on Oct. 10, 2014, at 9:00 a.m., or as soon thereafter as the matter can be heard in Courtroom 6, 4th Fl., of the United States District Court located at 280 S. First St., San Jose, CA, plaintiff Mercedes Marker will, and hereby does, moves this court for Judgment as a Matter of Law pursuant to FRCP Rule 50(b) as well as a New Trial pursuant to FRCP Rule 59.

In particular, plaintiff seeks judgment as a matter of law on the following issues:

1. Defendant Vu was not in the performance of lawful duties during the time he touched plaintiff on Nov. 13, 2008;

2. Defendant Vu committed a battery against plaintiff when he touched plaintiff on Nov. 13, 2008 and is so liable;

3. Defendant Vu falsely imprisoned plaintiff when he touched plaintiff on Nov. 13, 2008 and is so liable;

4. Defendant Vu violated plaintiff's First Amendment rights when he touched plaintiff on Nov. 13, 2008 and is so liable under 42 U.S.C. §1983;

5. Defendant Vu violated plaintiff's Fourth Amendment rights when he touched plaintiff on Nov. 13, 2008 and is so liable under 42 U.S.C. §1983;

6. Defendant Vu is liable to plaintiff for violating Cal. Civil Code §52.1 by virtue of his touching plaintiff on Nov. 13, 2008.

Plaintiff requests that the court enter judgment in plaintiff's favor on all of these issues in terms of liability and requests that the court hold a new trial to determine damages. In the alternative, if the court declines to so enter judgment, plaintiff requests that the court order a new trial on all issues.

PLEASE TAKE FURTHER NOTICE that the court will decide this motion based upon this notice and the incorporated points and authorities, the trial record, any other papers filed by

1  plaintiff between now and the hearing, the complete file and records of this action, and such
2  other oral and documentary evidence which the court allows for presentation at the time of
3  hearing.

6  Dated: September 5, 2014

_____
MICHAEL MILLEN, ESQ.
ATTORNEY FOR PLAINTIFF

## PROCEDURAL FACTS

On Aug. 22, 2014, and prior to the close of evidence in this case, plaintiff filed her Rule 50 motion for judgment as a matter of law. (Docket #126.) The defense proceeded to put on evidence and rested. The court did not rule on the Rule 50 motion but instead submitted the matter to the jury which found in favor of defendant and against plaintiff on all claims.

## TRIAL TESTIMONY

While it is not practical or even possible to cite all the evidence disclosed over four days of trial testimony, the court is asked to note the following critical testimony.

*Unlawfulness of Arrest*

Both of the officers involved in Mr. Hampsmire's arrest (Officer Hisquierdo and Officer Vu) testified at trial that Mr. Hampsmire was being arrested for a breach of the peace which occurred outside of their presence and prior to their arrival. Thus, by definition, Officer Hisquierdo was engaged in an unlawful arrest and was acting outside of his duties when he arrested Hampsmire.

While Officer Vu did not physically touch Hampsmire as part of the arrest, Vu was Hisquierdo's "partner"[1] in the arrest and played an integral part at the scene by acting as "cover" for the arrest so as to monitor and take care of any problems that arose. Both Officer Hisquierdo and Sgt. Pham testified that Officer Vu had the right and the responsibility to object to the arrest if the arrest was unlawful. However, rather than objecting to the unlawful arrest, Officer Vu approved it and assisted Officer Hisquierdo. Thus, Officer Vu was as integral a part of the unlawful arrest as was Officer Hisquierdo and both are fully responsible for the consequences of the arrest and actions taken during the arrest.

---

[1] During his testimony, Officer Hisquierdo described Vu as his "partner" for purposes of the arrest.

### *Plaintiff's Physical Interference with the Arrest*

Officer Hisquierdo testified that plaintiff did not physically interfere with the arrest; rather, the "interference" she presented was simply her twice asking the question, "What did he do wrong?" Plaintiff's counsel posed a hypothetical to Officer Hisquierdo of the harried parent who was on the phone. In one case, a small child never touches the parent but keeps chattering in order to get the parent's attention. In the second case, the child actually pushes or pull the parent. Officer Hisquierdo admitted that plaintiff's conduct was of the first variety and not the second. The evidence also showed that Officer Hisquierdo never paused nor was he interrupted in his arrest of Hampsmire; instead, he simply ignored plaintiff and her questions and completed his task.

### *Police Safety / Danger to Others*

Both Officer Hisquierdo and Officer Vu were asked "Did Mrs. Marker do anything which led you to believe that she would in any way harm any officer?" Both officers answered in the negative. In addition, the evidence showed that there was at least a seven second gap between the time the camera was absolutely still and when it started moving.

### *First Amendment Considerations*

The video and testimonial evidence showed that a large, "imposing figure" (Justin Halligan) who had his hands in his pockets was an arm's length away from Officer Hisquierdo during the arrest. By contrast, plaintiff, a short, unimposing 54 year old female holding a camera, was further away from Hisquierdo then was Halligan. The critical difference between Halligan and plaintiff was that plaintiff asked a five word question "What did he do wrong?" and, receiving no answer, repeated it. Officer Vu admitted that it was plaintiff's questioning which spurred him to act to push plaintiff away.

### *Defendant Vu's Touching of Plaintiff*

Officer Vu testified that he gave some sort of command to plaintiff to backup but admitted that he only gave her a mere one second to comply. Numerous witnesses testified otherwise and the audio of the incident contains no sound of a warning. After this supposed

compliance interval of one second or less, Officer Vu stated that he put one hand around plaintiff's camera and plaintiff's hand, put his other hand out and grabbed plaintiff's arm, and then pushed her along the sidewalk.

**MEMORANDUM**

In the Ninth Circuit, "[a] renewed motion for JMOL is properly granted 'if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict.' *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir.2002). " *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1242 (9th Cir. 2014). Here, as will be shown below, the facts of this case do not allow the conclusions that the jury reached.

If the court agrees with plaintiff and grants plaintiff judgment as a matter of law, it will then be necessary to hold a new trial on damages. *See Golden v. Winjohn Taxi Corp.* (2nd Cir. 2002) 311 F.3d 513, 516 (a plaintiff may ask for a Rule 50 judgment limited to the question of liability while having the jury decide damages).

On the other hand, if the court is not inclined to grant plaintiff judgment as a matter of law, then the court is requested to order a complete new trial. Under Rule 59, "the district court has 'the duty . . . to weigh the evidence as [the court] saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in [the court's] conscientious opinion, the verdict is contrary to the clear weight of the evidence.' [Citations.]" *Molski v. M.J. Cable, Inc.* (9th Cir. 2007) 481 F3d 724, 729.

In this case, the clear weight of the evidence shows that plaintiff made out her claims and the jury erred both as to the facts and the law.

I. DEFENDANT VU WAS NOT IN THE PERFORMANCE OF LAWFUL DUTIES DURING THE TIME HE TOUCHED PLAINTIFF ON NOV. 13, 2008

Although not a separate cause of action in itself, one of the critical issues in this case was whether Officer Vu was performing lawful duties at the time he touched plaintiff.

Under Penal Code §836, a police officer must have a warrant to arrest someone for a misdemeanor unless the misdemeanor was committed in the officer's presence. Given that both of the officers involved in Mr. Hampsmire's arrest testified at trial that Mr. Hampsmire was being arrested for a breach of the peace which occurred outside of their presence and prior to their arrival, the arrest was unlawful. As noted above, the facts show that Officer Vu was as involved in the arrest as was Officer Hisquierdo, being his "partner" in the arrest. Thus, whatever Vu was doing, he was not performing a lawful duty in regards to the arrest of Hampsmire at the time he pushed plaintiff but was rather facilitating and participating in an unlawful arrest. The court is asked to make such a finding.

II.  DEFENDANT VU COMMITTED A BATTERY AGAINST PLAINTIFF WHEN HE TOUCHED PLAINTIFF ON NOV. 13, 2008 AND IS SO LIABLE

Because Officer Vu was not performing lawful duties at the time he pushed plaintiff, his pushing of plaintiff was a battery unless defendant can show a common law defense such as "defense of self" or "defense of others". Given that both officers agreed that plaintiff never did anything which led either officer to believe that plaintiff would in any way harm any officer, and given that the defendants never claimed "defense of self" or "defense of others", they cannot avail themselves of it.

Indeed, Jury Instruction #13 clearly stated that "if you find that Officer Vu was not acting in the performance of his lawful duties when he touched Ms. Marker, any harmful or offensive physical contact would be unreasonable." Thus, as a matter of law the jury erred in finding there was no battery because all of the other elements were met (harmful or offensive contact and damage).

III.  DEFENDANT VU FALSELY IMPRISONED PLAINTIFF WHEN HE TOUCHED PLAINTIFF ON NOV. 13, 2008 AND IS SO LIABLE

The undisputed testimony showed that Officer Vu deprived plaintiff of her freedom of movement by holding her and that he compelled her to go somewhere for some appreciable

time. Thus, Officer Vu falsely imprisoned plaintiff as a matter of law. This is underscored by the fact that that Officer Vu was not acting in the performance of lawful duties nor was he acting in a manner "necessary to a reasonable officer . . . in order to protect the safety of the officers or bystanders or prevent physical interference with an arrest." (Jury Instruction #12)

Under California law, the elements of a claim for false imprisonment are: "(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Young v. County of Los Angeles*, 655 F.3d 1156, 1169 (9th Cir. 2011). Here, Officer Vu admitted he held and moved plaintiff along the sidewalk. In *Hanna v. Raphael Weill & Co.*, 90 Cal.App.2d 461 (1949), the court found that grabbing a customer by the arm, forcing her to walk down the sidewalk to a store, and then immediately releasing her were sufficient facts to make out a false imprisonment charge. The acts of Officer Vu were not privileged because he was engaged in an illegal arrest. Further, Officer Vu had no lawful right to touch or hold plaintiff because she neither posed a threat nor did she physically interfere with the arrest. It should be noted that Office Vu entrapped plaintiff's right hand, making it impossible for her to move. Thus, the court is asked to find Officer Vu's act of grabbing plaintiff in two places and pushing her along the sidewalk constituted, as a matter of law, false imprisonment.

### IV. DEFENDANT VU VIOLATED PLAINTIFF'S FIRST AMENDMENT RIGHTS WHEN HE TOUCHED PLAINTIFF ON NOV. 13, 2008 AND IS SO LIABLE UNDER 42 U.S.C. §1983

Given that plaintiff simply asked the same, five word question twice in a respectful manner as heard on the tape ("What did he do wrong?"), and given Officer Vu's admission that the questioning prompted him to push Mrs. Marker, Officer Vu is liable for retaliating against Mrs. Marker for exercising her free speech right to question an officer in public. The fact that Officer Vu took no action against Justin Halligan, an imposing figure whose hands were not visible and who was very close to Officer Hisquierdo, but instead only took action against

plaintiff, the one who asked questions, confirms that Officer Vu acted on his deeply held belief that "communicating with an officer who is writing is obstructing the officer".

Officer Vu's understanding and concomitant actions were in clear retaliation of plaintiff's exercise of her First Amendment right to speak with a police officer.  The key elements which a plaintiff must prove in a First Amendment retaliation claim are: (1) she engaged in constitutionally protected activity; (2) as a result, she was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. *See Pinard v. Clatskanie School Dist.*, 467 F.3d 755, 770 (9th Cir. 2006).   These elements are proven here and the court is asked to find that Officer Vu violated plaintiff's First Amendment rights.

### V. DEFENDANT VU VIOLATED PLAINTIFF'S FOURTH AMENDMENT RIGHTS WHEN HE TOUCHED PLAINTIFF ON NOV. 13, 2008 AND IS SO LIABLE UNDER 42 U.S.C. §1983

Given that both officers admitted that plaintiff did nothing which led them to believe she would harm any officer, and given that neither Officer Vu nor Officer Hisquierdo were engaged in lawful duties, pushing Mrs. Marker was an unreasonable use of force as a matter of law. Indeed, the court's seven factors in Jury Instruction #14 all swing in plaintiff's favor:

*1. The severity of the crime or other circumstances to which the officer was responding;*

Here, the "severity" of the crime is zero in that plaintiff was engaged in no crime at all but rather was exercising her constitutional right to speak with a police officer while videoing him.

*2. Whether the plaintiff posed an immediate threat to the safety of the officer or to others;*

Both officers agreed that plaintiff did nothing threatening and gave no objective hint of posing a threat to anyone.

*3. The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;*

The video showed seven seconds of absolutely peace and stillness immediately prior to Officer Vu's pushing of plaintiff. Nothing was changing and the officer had every opportunity to give a clear warning and time to respond, and to further consider the appropriate amount of force to use, if any, in the event of non-compliance with a command after a reasonable time to comply.

*4. The type and amount of force used;*

Here, Officer Vu, if he gave any verbal command at all, only gave one second to comply. This is clearly insufficient. Moving to the next higher level of force (grabbing and pushing) is inappropriate, and this is particularly true given the sensitive wrist area where Officer Vu chose to apply his force.

*5. The availability of alternative methods for dealing with plaintiff;*

Officer Vu could have easily made a clear request of plaintiff to move and given her sufficient time to comply and this would have ended any concern he had. As noted above, while it is debated as to whether Officer Vu gave a command to "backup", it is undisputed that, at most, Officer Vu only gave plaintiff one second to comply. This does not represent a good faith effort to use alternative methods.

*6. Whether the officer was acting in the performance of his lawful duties;*

As discussed previously, Officer Vu and Officer Hisquierdo were partners in the unlawful endeavor of arresting Mr. Hampsmire and thus Officer Vu was not engaged in a lawful duty. It is never lawful for one police officer to assist another police officer in effecting an obviously illegal arrest.

*7. Whether the plaintiff was physically interfering with police activity at the scene.*

Not one witness testified that plaintiff physically interfered with Officer Hisquierdo. In fact, Hisquierdo ignored plaintiff and continued to process the arrest. While the police witnesses felt that asking questions was some form of interference, it certainly was not physical interference.

Thus, in light of the court's seven factors, the court should find that defendant engaged in the unreasonable use of force under both the "clear weight of the evidence" standard and under a "no other reasonable conclusion" standard.

VI. DEFENDANT VU IS LIABLE TO PLAINTIFF FOR VIOLATING CAL. CIVIL CODE §52.1 BY VIRTUE OF HIS TOUCHING PLAINTIFF ON NOV. 13, 2008.

Officer Vu is liable to plaintiff under the Bane Act (Civil Code §52.1). To make out this claim, plaintiff needs to show that a defendant interfered with constitutional or statutory rights by threats, intimidation, or coercion. Here, Officer Vu violated plaintiff's First and Fourth Amendment rights by touching and pushing her and is thus liable as per the First and Fourth Amendment analysis above.

.

### REQUEST

The court is asked to enter judgment as to liability as requested and grant a new jury trial as to damages. If the court is not so inclined, plaintiff requests in the alternative that the court grant a new trial.

Dated: September 5, 2014

---
MICHAEL MILLEN, ESQ.
ATTORNEY FOR PLAINTIFF