UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MERCEDES MARKER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE and SON VU,<br><br>　　　　　Defendants. | Case No. C-09-05956-RMW<br><br>**ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW; DENYING MOTION FOR A NEW TRIAL**<br><br><br>**[Re: Docket No. 136]** |

Before this case was submitted to the jury, plaintiff Mercedes Marker moved for judgment as a matter of law. Dkt. No. 126.[1] After the jury returned a verdict in favor of defendants, plaintiff again moved for judgment as a matter of law or in the alternative for a new trial. Dkt. No. 136. For the reasons explained below, the court denies the motion for judgment as a matter of law and denies the motion for a new trial.

##      I.      Background

Ms. Marker alleged that several of her rights were violated when defendant Officer Son Vu touched her arm and her video camera while another Officer, Jose Hisquierdo, was arresting Ms. Marker's friend, William Hampsmire. Ms. Marker brought claims under 42 U.S.C. § 1983 and state

---

[1] The Rule 50(a) motion is now moot.

ORDER DENYING JMOL, NEW TRIAL
Case No. C-09-05956-RMW
LRM

- 1 -

law claims of battery, false imprisonment, and a civil rights claim under California Civil Code § 52.1. The court held a jury trial in this matter from August 18, 2014 through August 22, 2014. The jury returned a verdict in favor of defendants on all claims.

## II.     Analysis

### A.     Legal Standard

"We review a jury's verdict for substantial evidence in ruling on a properly made motion under Rule 50(b)." *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009). "The test applied is whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Barnard v. Theobald*, 721 F.3d 1069, 1075 (9th Cir. 2013) (quoting *Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2005)). Judgment as a matter of law should be granted only where "there is no legally sufficient basis for a reasonable jury to find for that party on that issue." *Krechman v. Cnty. of Riverside*, 723 F.3d 1104, 1109-10 (9th Cir. 2013) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 917 (9th Cir. 2003)). "[T]he court 'may not substitute its view of evidence for that of the jury.'" *Id.* at 1110 (quoting *Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1283 (9th Cir. 2001)).

### B.     The Jury's Verdict is Supported by Substantial Evidence

Plaintiff seeks judgment as a matter of law on six issues. Dkt. No. 136. One issue in the case was whether the arrest of William Hampsmire was lawful or unlawful. Even assuming that the arrest was unlawful, and that Officer Vu took part in the arrest by acting as a cover officer, the evidence nevertheless supports the jury's verdict against plaintiff Marker.

Ms. Marker's primary basis for seeking to overturn the verdict is her position that if Officer Vu was engaged in an unlawful arrest, any touching of Ms. Marker was necessarily unlawful. This position is not supported by the case law, which allows an officer to use reasonable force to protect the safety of officers or bystanders or prevent physical interference with an officer's performance of his duties. *See, e.g, Jackson v City of Bremerton*, 268 F.3d 646, 652-53 (9th Cir. 2001) (identifying police officer's "safety interest" in controlling a group of bystanders); *Forrester v. City of San Diego*, 25 F.3d 804, 807 (9th Cir. 1994) (police may use reasonable force to disperse unruly crowd).

This was explained to the jury. Dkt. No. 124 (jury instructions) at 16, 17 (officer may use reasonable force "in order to protect the safety of the officers or bystanders or prevent physical interference with an officer's performance of his duties.").

Ms. Marker's position is also not supported by California Penal Code § 148, which makes it a misdemeanor to resist, delay, or obstruct an officer in the discharge of any duty of his office. "Section 148(a) does not make it a crime, however, to resist unlawful orders." *Maxwell v. County of San Diego*, 697 F.3d 941, 951 (9th Cir. 2012), *citing Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (en banc). Although the unlawfulness of an arrest eliminates an element of a criminal statute, it does not eliminate a police officer's right to use reasonableness force to maintain order and protect himself or bystanders.

In this case, one issue for the jury to consider was whether Officer Vu acted reasonably in touching plaintiff during the arrest of Mr. Hampsmire. The court instructed the jury to consider whether plaintiff was a threat to the officers and whether the officers were in the lawful performance of their duties, among other factors. Dkt. No. 124 at 16. The jury's verdict reflects that they concluded that Officer Vu acted reasonably, which is supported by his testimony and the testimony of other bystanders. Although Ms. Marker was not presently physically interfering with the Hampsmire arrest when Office Vu touched her, Officer Vu was entitled to use reasonable force to prevent interference threatened by her close proximity and actions, which he testified were motivating factors for his decision. Additionally, a reasonable jury could conclude that the force he used was minimal. The jury viewed Ms. Marker's videotape many times over the course of the trial, which showed Officer Vu's touching of plaintiff, and gave the jury sufficient evidence from which to draw their own factual conclusions on reasonableness. The jury's verdict on the Fourth Amendment unreasonable use of force, state law civil rights, false imprisonment, and battery claims is supported by substantial evidence.

With regard to the First Amendment claim, the jury was also instructed to consider whether Ms. Marker's protected speech and conduct was a substantial or motivating factor for Officer Vu's action. Dkt. No. 124 at 11. The jury could have reasonably concluded that Officer Vu would have taken the same action against Ms. Marker regardless of her words or protected actions, and therefore

did not find for plaintiff on this claim. This conclusion is supported by substantial evidence based on Officer Vu's testimony and the videotape, which shows Ms. Marker standing very close to the arresting officer.

Because the jury's verdict on each claim is supported by substantial evidence, the court denies the motion to judgment as a matter of law and also denies the motion for new trial.

### III.   Order

For the reasons explained above, the court denies the motions for judgment as a matter of law and motion for a new trial.

Dated: October 16, 2014



RONALD M. WHYTE
United States District Judge